**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LEAR SIEGLER SERVICES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-05-CV-679-XR |
| | § | |
| ENSIL INTERNATIONAL CORP., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day, the Court considered Plaintiff's motion for the Court to withdraw its judgment against Plaintiff Lear Siegler Services (Docket Entry No. 113).. Defendant concurs that the judgment should be withdrawn. Having reviewed the parties' arguments and the case, Plaintiff's motion is GRANTED.

**Procedural History**

After a jury trial, the jury returned a verdict that awarded Lear Siegler Services ("LSI") $433,777 for damages resulting from Ensil International Corp.'s ("Ensil") non-compliance with 33 repair contracts (Jury Question No. 1), $206,642 for damages resulting from Ensil's noncompliance with 34 repair contracts (Jury Question No. 3), and $528,650 for damages resulting from Ensil's noncompliance with an additional 8 repair contracts (Jury Question No. 5). (Jury Verdict (April 17, 2008) [Docket Entry No. 78].)

The Court awarded Plaintiff $195,125.93 in attorney fees and expenses on June 3, 2008. (Order (June 3, 2008) [Docket Entry No. 85].)

On June 4, 2008, the Court entered judgment on the jury verdict for the aforementioned repair contracts and attorney fees. (Judgment (June 4, 2008) [Docket Entry No. 86].)

On December 8, 2008, the Court granted in part and denied in part Ensil's Motion for a New Trail. (Order (Dec. 8, 2008) [Docket Entry No. 96].) The Court ordered a new trial on the damages related to Jury Question No. 1 and Jury Question No. 3. The Court did not grant a new trial for the damages awarded by the jury related to 8 repair contracts according to Jury Question No. 5. The Court vacated its June 4, 2008, judgment in its entirety.

On October 13, 2009, the Court granted Ensil's motion for summary judgment in its entirety. (Order on Mot. for Summ. J. (Oct. 13, 2009) [Docket Entry No. 111].) Judgment was rendered in favor of the Defendant against Plaintiff. (Judgment (Oct. 13, 2009) [Docket Entry No. 112].) Plaintiff's move this Court to withdraw its Judgment, citing that the Jury Verdict stands regarding 8 repair contracts. Defendant concurs with this assessment. The parties dispute the award of attorneys' fees.

**Legal Standard**

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002). The third element applies to the facts of this case.

**Analysis**

Here, it is undisputed that Plaintiffs were awarded $528,650 for damages resulting from Ensil's noncompliance with 8 repair contracts. That award still stands. The Court's October 13, 2009, Judgment did not recognize that amount. LSI is entitled to entry of judgment of $528,650 for the damages awarded by the jury in response to Jury Question No. 5. To correct a clear error, the

Court withdraws its Judgment.

The Court, however, refuses to reinstate the award of attorney fees. That award was vacated when the Court vacated the Judgment of June 4, 2008. In light of the new recovery amount, the Court directs Plaintiff to submit a new application for attorney's fees.

## Conclusion

The Court having considered the motion is of the opinion that the motion should be GRANTED. The Court's Judgment of October 13, 2009, is withdrawn.

It is so ORDERED.

SIGNED this 19th day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE