IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LEAR SIEGLER SERVICES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-05-CV-679-XR |
| § | |
| ENSIL INTERNATIONAL CORP., § | |
| § | |
| *Defendant*. § | |

## ORDER ON MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff Lear Siegler Services, Inc.'s Motion for Attorney's Fees (Docket Entry No. 119) and Defendant Ensil International Corp.'s Response to Plaintiff's Motion for Attorney's Fees. After consideration of the parties' filings and all relevant law, the Court grants Plaintiff's request for attorney's fees.

### Statement of the Case

The controversy before the Court involves the adjusted amount of attorney's fees Lear Siegler Services, Inc. ("LSI") seeks to collect. On April 17, 2008, LSI prevailed in a breach of contract suit against Ensil International Corporation ("Ensil"). On December 5, 2008, Ensil was granted a new trial on sixty-seven of the contract claims in the original suit and denied a new trial on eight of those claims. Ensil was awarded a partial summary judgment on the sixty-seven claims included in the new action, and LSI received a new, reduced award of $528,650 for its successful claims.

**Legal Analysis**

*A. Award of Attorney Fees*

Federal courts sitting in diversity apply state law to the analysis of awards of attorney's fees when the case was decided on issues of state law.[1] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). The relevant Texas statute allows recovery of attorney's fees in cases involving oral or written contracts. TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon 2008). The Fifth Circuit has found that the award of attorney's fees under this statute is mandatory when the plaintiff succeeds in his or her claim and recovers damages. *Kona Tech. Corp.*, 225 F.3d at 603 (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (1997)). In order for this mandatory recovery to apply, a successful party need not succeed on all claims or be the only party awarded damages. *See Chilton Ins. Co. v. Pate & Pate Enter., Inc.*, 930 S.W.2d 877, 896 (Tex. App.—San Antonio 1996, writ denied). LSI recovered only a fraction of the claims it asserted, but those successful claims represented almost half of the relief sought. Therefore, LSI has succeeded on at least some of its claims, has recovered damages on those claims, and is entitled to recover attorney's fees.

When awarding attorney's fees, Texas law establishes that the fees must be reasonable, and that the usual and customary fees for the type of claim litigated are presumed to be reasonable. TEX. CIV. PRAC. & REM. CODE § 38.001–.003. Texas law further provides that a Court may take judicial notice in order to determine the customary and usual fees for a particular type of litigation. *Id.* § 38.004. Ensil has presented no evidence that specific charges claimed by LSI

---

[1] For this reason, Ensil's argument that this court should apply *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which was a decision based on federal civil rights statutes, is unpersuasive.

are unreasonable because they are in excess of those normally assessed in a case of similar complexity. Rather, Ensil asserts only that the charges are excessive in light of the reduced award granted after summary judgment. This Court finds that the charges documented by LSI are those usual and customary in similar cases.

B. *Segregation of Attorney Fees*

The Fifth Circuit follows the general rule that successful and unsuccessful claims should be segregated when calculating attorney's fees. *United States v. Reid & Gary Strickland Co.*, 161 F.3d 915, 922 (5th Cir. 1999). The Texas Supreme Court established, and the Fifth Circuit follows, an exception to this general rule when cases involve multiple causes of action that are so intertwined as to be inseparable. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1992); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Causes are inextricably intertwined when discrete legal services advance both successful and unsuccessful claims; such services need not be separated when calculating attorney's fees. *See Tony Gullo Motors*, 212 S.W.3d at 313–314. LSI has segregated those attorney hours that were billed exclusively to advance the sixty-seven claims that were disposed of by summary judgment. By eliminating these charges from their request for attorney's fees, they have fulfilled their burden to segregate.

**Conclusion**

Plaintiff's Motion for Attorney's Fees is hereby GRANTED. It is therefore ORDERED that Plaintiff Lear Siegler Services receive $170,295.11 in attorney fees.

It is so ORDERED.

SIGNED this 18th day of December, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE