IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEAR SIEGLER SERVICES | § § § | |
| v. | § § | CIVIL ACTION NO. SA-05-CA-0679-XR |
| ENSIL INTERNATIONAL CORP. | § § § | |

## PLAINTIFF'S MOTION FOR LEAVE TO REGISTER JUDGMENT IN THE WESTERN DISTRICT OF NEW YORK

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Lear Siegler Services, Inc. ("LSI"), Plaintiff in the above-styled and numbered cause, and files this its Motion for Leave to Register its Judgment from the Western District of Texas in the Western District of New York, and its brief in support thereof. Plaintiff would show the Court as follows:

### PRELIMINARY STATEMENT

1. On October 19, 2009, this Court signed a judgment (attached hereto as Exhibit A) in favor of LSI and against Ensil International Corp. ("Ensil") in the amount of $528,650.00. On December 18, 2009, this Court signed an Order for Attorney's Fees in the amount of $170,295.11. The judgment is currently pending appeal in the Fifth Circuit. Plaintiff is now seeking leave to register the judgment in the Western District of New York while the appeal is pending.

2. As a general rule, a plaintiff must wait until an appeal is final before it can register its judgment from one federal district in another federal district. However, if the plaintiff can show good cause, a rendering court has discretion to permit registration in another district before appeal is final. Plaintiff has good cause to register its judgment in New York while the

appeal is pending for two reasons. First, Defendant has failed to post a supersedeas bond. And second, Defendant has insufficient property in Texas to satisfy Plaintiff's judgment. However, it has substantial property in the Western District of New York. Accordingly, Plaintiff has good cause to have the judgment registered in the Western District of New York before the expiration of appeal.

## ARGUMENT AND AUTHORITIES

3.   Under 28 U.S.C. § 1963, a judgment entered in any district court may be registered in another district court when the judgment has: (1) become final by appeal; (2) the time for appeal has expired; or (3) when ordered by the court that entered the judgment for *good cause* shown. *See* 28 U.S.C. § 1963. Good cause is shown by evidence that the defendant lacks substantial property in the judgment forum to satisfy the judgment, but has substantial property in another district. *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001).[1] Good cause is also shown when the judgment debtor has failed to post a supersedeas bond. *See e.g., Henkels & McCoy, Inc. v. Adochio*, 1997 U.S. Dist. LEXIS 11695, at *4-5 (E.D. Pa. July 31, 1997) (granting a motion for leave to register judgment, and holding that "in cases in which the judgment debtor has no assets in the judgment district, but *has assets* in another district and refuses to post a supersedeas bond, there is good

---

[1] *Dyll v. Adams*, No. 3:91-CV-2734, 1998 U.S. Dist. LEXIS 1616, at *2-3 (N.D. Tex. Feb. 6, 1998); *see also e.g., Columbia Pictures Television, Inc.*, 259 F.3d at 1197-98 (finding good cause to register a California judgment in Florida, where the defendant had substantial assets, when the defendant had no assets in California that would satisfy the judgment); *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991) (holding that district court did not abuse discretion in granting motion to register judgment where judgment debtor owned substantial property in other districts); *Commonwealth Assocs. v. Palomar Med. Technologies, Inc.*, 982 F. Supp. 205, 1997 WL 304905, at *1 (stating that "'Good cause' can be established 'upon a mere showing that the defendant has substantial property in the other district and insufficient [property] in the rendering district to satisfy the judgment.'"); *Graco Children's Prods., Inc. v. Century Prods. Co.*, 1996 U.S. Dist. LEXIS 10356, at *109 (E.D. Pa. July 23, 1996) (holding that "Good cause is shown when 'the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment.'").

cause to register the judgment for the purposes of transferring it into the district where the property is located."). (Emphasis added).

4.  Plaintiff has good cause to register its Judgment in the Western District of New York for two reasons. First, Defendant has failed to post a supersedeas bond to secure Plaintiff's judgment until the expiration of appeal. And second, Defendant has no assets in Texas to satisfy Plaintiff's judgment. Following this Court's signing of Plaintiff's judgment on October 19, 2009, Plaintiff served Ensil with post-judgment discovery to determine its assets. Defendant's response to Plaintiff's discovery revealed that Ensil has no assets in Texas; it has no real or personal business property, no bank accounts, etc. However, financial statements produced by Defendant reveal bank accounts and other assets located in New York.[2] Furthermore, the company is based in, and continues to operate out of, New York. This evidence is sufficient to support a finding of good cause to permit Plaintiff to register its judgment in the Western District of New York prior to the expiration of appeal.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lear Siegler Services, Inc., prays that this Court will grant Plaintiff's motion for leave to register its judgment from the Western District of Texas in the Western District of New York.

---

[2] The documents provided by Defendant are voluminous, and contain sensitive information. Upon request, Plaintiff will provide all documents obtained from Defendant to the Court under seal in order to confirm the status of Defendant's assets. Mr. Matthew Gates, co-counsel for Plaintiff, has reviewed these documents. He will provide an affidavit regarding the status of Defendant's assets upon request.

Respectfully submitted,

BRACEWELL & GIULIANI LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone: 210/226-1166
Facsimile: 210/226-1133

_____
Annalyn G. Smith
State Bar No. 18532500
annalyn.smith@bgllp.com
Matthew K. Gates
State Bar No. 24069770
matt.gates@bgllp.com

ATTORNEYS FOR PLAINTIFF
LEAR SIEGLER SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Mark J. Cannan
Clemens & Spencer, P.C.
112 East Pecan Street, Suite 1300
San Antonio, Texas 78205-1512

_____
Matthew K. Gates



# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEAR SIEGLER SERVICES, | § | |
| *Plaintiff,* | § § § | |
| v. | § | Civil Action No. SA-05-CV-679-XR |
| ENSIL INTERNATIONAL CORP., | § § § | |
| *Defendant.* | § | |

## JUDGMENT

On April 17, 2008, after three days of trial, a jury reached a verdict in favor of Plaintiff Lear Siegler Services, Inc. on all questions of liability submitted to it (Jury Question Nos. 2 and 4) and awarded Plaintiff $433,777.00 for damages in response to Jury Question No. 1 related to 33 repair contracts (for which the Court had granted summary judgment on liability on December 17, 2008), $206,642 for damages in response to Jury Question No. 3 related to 34 repair contracts, and $528,650.00 for damages in response to Jury Question No. 5 related to eight repair contracts for certain pieces of equipment (CIT Units).

A Final Judgment was entered by the Court on June 4, 2008.

On June 18, 2008, Defendant Ensil International Corp. filed a Motion for New Trial. On December 5, 2008, the Court denied the motion for new trial with respect to the issues presented by Jury Question No. 5, but granted a new trial for the amount of damages, if any, that Plaintiff sustained by Defendant's breach of the 67 contracts which were the subject of Jury Question Nos. 1 and 3. The Court vacated the June 4, 2008, judgment.

Both Plaintiff and Defendant filed Motions for Summary Judgment for Damages as to the 67 contracts which were the subject of Jury Question Nos. 1 and 3. On October 13, 2009, the Court

DENIED Plaintiff']s Motion for Summary Judgment for Damages and GRANTED Defendant's Motion for Summary Judgment for Damages as to the 67 repair contracts that were the subject of Jury Question Nos. 1 and 3. In accordance with that order and the jury verdict,

IT IS, THEREFORE, ORDERED that Plaintiff Lear Siegler Services, Inc. take nothing from Defendant Ensil International Corp. as to the 67 repair contracts that were the subject of Jury Question Nos. 1 and 3.

IT IS FURTHER ORDERED that Plaintiff Lear Siegler Services, Inc. have and recover from Defendant Ensil International Corp. actual damages in the amount of FIVE HUNDRED TWENTY-EIGHT THOUSAND, SIX HUNDRED FIFTY AND NO/100 DOLLARS ($528,650.00) based on Jury Question Nos. 4 and 5 of the jury verdict of April 17, 2008.

Plaintiff is further awarded pre-judgment interest at the rate of 6% beginning June 7, 2005, and continuing through October 19, 2009.

Plaintiff is awarded post-judgment interest at a rate of 0.36%.

It is further ORDERED that costs shall be taxed against Defendant. Plaintiff shall submit a bill of costs or claim for attorneys' fees in the form required by the Clerk of Court and in accordance with the Local Rules for the Western District of Texas within fourteen days of this Judgment.

It is so ORDERED.

SIGNED this 19th day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE