IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEAR SIEGLER SERVICES, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No.  SA-05-CV-679-XR |
| ENSIL INTERNATIONAL CORP., | § § § | |
| *Defendant*. | § § | |

**ORDER ON MOTION FOR LEAVE TO REGISTER JUDGMENT**

Came on this day to be considered Plaintiff's Motion for Leave to Register Judgment from the U.S. District Court for the Western District of Texas with the U.S. District Court for the Western District of New York (Docket Entry No. 142).  Defendant has not responded to the motion and the time to do so has expired.  Having considered the motion, the status of this case, and the relevant authorities, the motion is GRANTED.

**Background and Procedural History**

Plaintiff Lear Siegler Services, Inc. ("LSI") filed suit against Ensil International Corp. ("Ensil") for fraud, breach of warranty, and breach of contract in Texas state court, which Ensil removed to this Court.  On October 19, 2009, this Court signed a judgment in favor of LSI and against Ensil for $528,650.00.[1]  On December 18, 2009, the Court ordered attorney fees in favor of LSI in the amount of $170,295.11.[2]  Ensil has appealed the case to the Fifth Circuit Court of Appeals

---

[1] Judgment, Oct. 19, 2009 (Docket Entry No. 117).

[2] Order on Mot. for Att'y's Fees, Dec. 18, 2009 (Docket Entry No. 128).

where it is pending,[3] but Ensil has not posted a supersedeas bond. LSI moved for leave to register the judgment in the Western District of New York, where Ensil is based and operates.[4] Ensil has not responded and the time to do so has expired. *See* L.R. CV-7(d) (W.D. Tex.) (regarding deadline to respond to motions); FED. R. CIV. P. 6 (regarding calculation of deadlines and addition of three days depending on type of service).

## Legal Standard

A judgment entered in a district court may be registered in another district court "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Courts have recognized that good cause is shown when there is "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197–98 (9th Cir. 2001) (quoting *Dyll v. Adams*, No. 3:91-CV-2734-D, 1998 WL 60541, at *1 (N.D. Tex. Feb. 6, 1998)). "However, permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond." *Cheminova A/S v. Griffin, L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002); *see also Chicago Downs Ass'n*, Inc. v. Chase, 944 F.2d 366, 371–72 (7th Cir. 1991) (upholding district court's finding of "good cause" for registration of judgment in other districts in the absence of supersedeas bond filed by judgment creditor).

---

[3]Notice of Appeal, Nov. 18, 2009 (Docket Entry No. 124).

[4]Pl.'s Mot. for Leave to Register J. in the W.D.N.Y., Jun. 8, 2010 (Docket Entry No. 142).

**Analysis**

Ensil has not posted a supersedeas bond to secure LSI's judgment while this case is on appeal. LSI states that Ensil has no assets in Texas to satisfy the judgment, but financial statements produced by Ensil show bank accounts and assets located in New York. Ensil does not dispute any of LSI's contentions and has not opposed the motion.[5] LSI has therefore shown good cause to warrant the registration of the judgment in the above-numbered and styled case in the Western District of New York.

**Conclusion**

Plaintiff's motion is GRANTED. It is therefore ORDERED that Plaintiff may register the judgment in the above-numbered and styled case with the United States District Court in the Western District of New York.

It is so ORDERED.

SIGNED this 23rd day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] Pursuant to the Local Rules of the Western District of Texas: "If there is not response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed." L.R. CV-7(d).