**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LEAR SIEGLER SERVICES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-05-CV-679-XR |
| | § | |
| ENSIL INTERNATIONAL CORP., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON COSTS**

Before the Court is Plaintiff's Bill of Costs (Docket Entry No. 120).

**Background and Procedural History**

Plaintiff Lear Siegler Services, Inc. ("LSI") was the prevailing party following a jury trial in a breach of contract suit against Defendant Ensil International Corporation ("Ensil").[1]  Ensil was granted a new trial on sixty-seven of the contract claims in the original suit and denied a new trial on eight of those claims.[2]  Ensil was awarded a partial summary judgment on the sixty-seven claims included in the new action, and LSI received a new, reduced award of $528,650 for its successful claims.[3]  As the prevailing party, LSI timely submitted a bill of costs, seeking $7,723.42.[4]

**Legal Standard**

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as

---

[1]*See* Judgment, June 4, 2008 (Docket Entry No. 86).

[2]Order, Dec. 5, 2008 (Docket Entry No. 96).

[3]Judgment, Oct. 19, 2009 (Docket Entry No. 117).

[4]Bill of Costs, Oct. 29, 2009 (Docket Entry No. 120).

of course to the prevailing party." FED. R. CIV. P. 54(d).  Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a court may tax as a cost under the authority found in Rule 54(d).  *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).  Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920.  *Id.*  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)  Docket fees under section 1923 of this title;
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

## Analysis

LSI seeks $168.00 for fees of the Clerk; $100.00 for fees for service of summons and subpoena; $5,651.13 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $1,791.29 for fees for witnesses; and $13.00 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

*A.  Fees of the Clerk*

LSI requests reimbursement for $168.00 paid to the District Clerk of Bexar County, Texas,

when filing this suit.  Section 1920(1) allows recovery of "[f]ees of the clerk and marshal."[5]  *See* 28

U.S.C. § 1920.  As a result, the Court will award $168.00 for the state court filing fee.

## B.  *Fees for Service of Process*

LSI requests $100.00 for fees for service of summons and subpoena.  Such costs are

authorized under Section 1920(1).  28 U.S.C. § 1920(1).  LSI served the Texas Secretary of State at

a cost of $50.00 and Defendant, using a private process server, at a rate of $50.00.  "[P]rivate process

server costs in lieu of marshal fees may be taxed, but only to the extent that they do not exceed the

costs that would have been incurred had the marshal effected service."  *Denner v. Tex. Dept. of*

---

[5]Although the Fifth Circuit has not directly addressed this issue, a number of courts that have determined that state court clerk fees are recoverable under Section 1920 and/or have adopted local rules in clarification of the statute.  *See, e.g., Gordon v. Prudential Fin. Inc.*, No. 06-CV-2304-IEG (WMC), 2009 WL 188886, at *3 (S.D. Cal. Jan. 23, 2009) (discussing fees paid to state court clerk and discussing L.R. Civ. 54.1(10) (S.D. Cal.))*; Aguirre v. Turner Const. Co.*, No. 05 C 0515, 2008 WL 4790392, at *3 (N.D. Ill. Oct. 27, 2008) (stating that Judges in the N.D. Ill. have awarded costs for fees paid in state court and citing cases);.L.R. Civ. 54.1(e)(9) (D. Ariz.) ("Fees paid to the Clerk of the State Court prior to removal are taxable in this Court."); D. MINN., BILL OF COSTS GUIDE 4 (Dec. 2009) ("If the case was removed from state court, any filing fee paid by the prevailing party in state court may also be taxed."); C.D. CAL., BILL OF COSTS HANDBOOK (Jan. 1, 2010) ("Costs incurred in State Court prior to removal, which are recoverable under state statutes, shall be recovered by the prevailing party in Federal Court.").  *But see, e.g., Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 693 (6th Cir. 1999) (citing Eighth Circuit evaluation of statute); *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987) ("Section 1920 does not authorize the taxing of state court filing fees . . . ."); *Thompson v. United Transp. Union*, No. 08-CV-65-LRR, 2009 WL 290472, at *5 (N.D. Iowa Jan. 26, 2009) ("The sentence immediately preceding § 1920(1) makes clear that the antecedent for "the clerk" includes only 'a clerk of any court of the United States.'  By implication, § 1920(1) does not include the filing fees of state court clerks."); *Terry v. Allstate Ins. Co.*, No. Civ. S-05-2261 RRB DAD, 2007 WL 3231716, at *2 (E.D. Cal. Nov. 1, 2007) (declining to award state court filing fees to prevailing party because it is not authorized by statute); *Freier v. Freier*, 985 F. Supp. 710, 713 (E.D. Mich. 1997) ("[A] a fee to a state court clerk is not authorized under § 1920.").  This Court is bound to follow the text of the statute, which authorizes "fees of the clerk."  28 U.S.C. § 1920.  A fee of the clerk to initiate a case is a necessity of legal practice in either federal or state court, and it is therefore covered by the statute.  The Court also notes that Texas state law defines a fee of the [state] clerk as an incurred "cost" of litigation.  *See* TEX. CIV. PRAC. & REM. CODE § 31.007(b)(2).

*Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007). The undersigned Judge has a routine practice of awarding costs for private process servers, but limiting the amount to the fee charged by the Marshal, which is currently $55.00. Plaintiff's request is for less than $55.00 per entity served; therefore, LSI shall be reimbursed $100.00 for its total fees for service of summons and subpoena.

*C. Fees for Printed or Electronically Recorded Transcripts*

Plaintiff seeks $5,651.13 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Such costs are authorized under Section 1920(2). 28 U.S.C. § 1920(2). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Whether a deposition could reasonably be expected to be used for trial preparation is a factual determination by which the district court is provided wide latitude. *Id.* at 285–86. Moreover, although videotape deposition costs and deposition transcripts are both recoverable costs,[6] this Court does not generally award costs for both. LSI has requested that the Court tax costs for the deposition transcripts of: Saulis Brikis, Alvin Wayne Fenn, David Glynn, Farsad Kiani, James Ray, John Ritchie, Halbert F. Taylor (which was conducted over two days), and preparation of video synchronization of John Ritchie's deposition for use at trial. The Court notes that LSI seeks recovery of cost for the transcripts of the oral depositions with exhibits *and* video copies for the following witnesses: Saulis Brikis, Farsad Kiani, and John Ritchie. Fenn, Glynn, Kiani, and Ray testified at trial. LSI referenced Halbert Taylor's deposition

---

[6] *See S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x 443 (5th Cir. July 1, 2009) (noting that the Judicial Administration and Technical Amendments Act of 2008 amended section 1920(2) to permit a judge to tax as costs fees for "electronically recorded transcripts").

in trial.  The Court finds that Saulis Brikis did not testify at trial; therefore, LSI cannot recover for the costs associated with his deposition ($802.00).  The Court also finds that the video copy of Farsad Kiani's deposition is for convenience rather than use in the case, so costs are not awarded for the video ($860.00).  The Court will allow LSI to recover costs associated with the transcript and video deposition of John Ritchie's deposition since it was presented in Court; however, the preparation and synchronization of the video is for convenience and cannot be awarded ($525.43).  Having reduced the requested amount by $2,187.43, LSI is awarded $3,463.70.

*D. Fees for Witnesses*

Plaintiff seeks $1,791.29 for fees for witnesses.  Fees for witnesses are authorized under Section 1920(3).  28 U.S.C. § 1920(3).  Necessary expenses for witnesses who appear at trial, including fees and travel expenses, are permissible.  *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 65 (5th Cir. 1994) (citing 28 U.S.C. § 1821).  "This Circuit has held that a court may assess costs for journeys of more than 100 miles if there are special circumstances justifying the presence of the witnesses at trial."  *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1551–52 (5th Cir. 1984).  In this case, LSI's requested amount includes round trip airline tickets for witnesses Alan Holley ($415.50), Kimball Taylor ($415.50), and Michael Moon ($415.50).  The request also includes lodging expenses for Alan Holley ($194.57), Kimball Taylor ($175.11), and Michael Moon ($175.11).  Both Holley and Taylor testified at trial, but all the information Mr. Moon was to have testified on was covered, so he did not testify.  The Court declines to award costs for witnesses who did not testify at trial.

Under Section 1821(c)(1):

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation

> reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

28 U.S.C. 1821(c)(1). LSI has provided a receipt of the flight costs. The receipt shows that the three witnesses traveled from Birmingham, Alabama, to San Antonio, Texas, on a low-cost airline flight. LSI is therefore awarded costs for two, round-trip airline flights for a total of $831.00.

The statute authorizes costs for lodging and subsistence "when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). As previously noted, LSI's witnesses traveled from Birmingham, Alabama, to the location of the trial in San Antonio, Texas. An overnight stay was required in light of the distance traveled.

Costs for witnesses overnight lodging and expenses is limited to the "maximum *per diem* allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance by employees of the federal government." 28 U.S.C. § 1821(d)(2). The maximum *per diem* rate in 2008 (the year of the trial) for San Antonio, Texas, was $166.00 with a *per diem* lodging rate of $112.00 per night.[7] The *per diem* rate for lodging does not include taxes. The amount of taxes on that amount can also be awarded as costs. *See Perry v. U.S. Dep't of Energy*, No. 05 C

---

[7]*See* 41 C.F.R. § 301-11.6 (2008) (referring to the web site maintained by the General Services Administration at http://www.gsa.gov/perdiem); Federal Travel Regulation (FTR); Maximum Per Diem Rates for the Continental United States (CONUS), 72 Fed. Reg. 43,642 (Aug. 6, 2007); GEN. SERVS. ADMIN., FTR PER DIEM BULLETIN 08-01, FEDERAL TRAVEL REGULATION FISCAL YEAR 2008 MAXIMUM PER DIEM RATES FOR THE CONTINENTAL UNITED STATES (CONUS) (Oct. 1, 2007); GEN. SERVS. ADMIN., PER DIEM RATES TEXAS-FY08, http://www.gsa.gov/Portal/gsa/ep/perdiem.do?pf=y&queryYear=2008&queryState=Texas.

3634, 2008 WL 161679, at *2 n.4 (N.D. Ill. June 14, 2008) (citing *Bone Shirt v. Hazeltine*, No. CIV. 01-3032-KES, 2006 WL 1788307, *9 (D.S.D. June 22, 2006); *Moncus v. Johanns*, No. 2:03CV416, 2006 WL 1180950, at *2 n.6 (M.D. Ala. May 2, 2006)).

LSI requests reimbursement for Alan Holley's hotel expense of $175.11 (including state and local sales taxes of $25.12) and a parking expense of $19.46 and Taylor Kimbal's hotel expense of $175.11 (including state and local sales taxes of $25.12). Regarding room rates, the Court is unable to award LSI more than $112.00 for lodging per witness. The Court will award the cost of state and local taxes at $25.12 per witness and the cost of parking for Alan Holley since the cost of parking is within the daily per diem rate for incidental expenses.[8] LSI is therefore awarded $224.00 for lodging, $50.24 in state and local taxes related to those rooms, and $19.46 for parking.

*E. Fees for Exemplification and the Costs of Making Copies*

Plaintiff seeks $13.00 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. This amount is for two certified copies from the Bexar County District Clerk. While reimbursement of these costs is authorized under 28 U.S.C. § 1920(4), the Court is unable to find that these copies were reasonable and necessarily obtained for use in the case. While LSI has provided the receipts, there is no explanation in the bill of costs form or summary of requested expenses to identify these copies. The Court therefore declines to award LSI costs for certified copies.

---

[8]Even though the costs of lodging exceeded the daily per diem rate, and the Court is only authorized to award costs for lodging up to $112.00, the Court notes that the overall costs of lodging were reasonable. For this reason, the Court will award the cost of taxes based on the entire amount charged. The Court reserves judgment on the award of the cost of state and local taxes in the event that the cost of lodging is deemed unreasonable.

**Conclusion**

The Clerk is ORDERED to tax costs in favor of Plaintiff Lear Siegler Services and against Defendant Ensil International Corp. as follows:  (1) fees of the Clerk in the amount of $168.00; (2) fees for service of summons and subpoena in the amount of $100.00; (3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $3,463.70; and (4) fees for witnesses in the amount of $1,124.70.

It is so ORDERED.

SIGNED this 23rd day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE